UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DEAN SCHULER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:11-cv-151 |
| | ) |
| ACKERMAN OIL COMPANY, INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. This is an action brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq., and Indiana common law. Plaintiff, Dean Schuler ("Schuler"), alleges that Defendant, Ackerman Oil Company ("Defendant"), violated his rights provided for by the ADA and Indiana common law when it terminated his employment. Moreover, post-employment, Schuler alleges that Defendant has blacklisted him to and tortiously interfered with Schuler's prospective contractual employment relationships with third party companies.

**II. Parties**

2. At all times relevant to this action, Schuler resided within the Southern District of Indiana. Presently, Schuler is a citizen of the state of Alabama.

3. At all times relevant to this action, Defendant conducted business and/or maintained offices in the Southern District of Indiana.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331, 1332, 1334, and 1367, and 42 U.S.C. §12117.

5. At all times relevant to this action, Schuler was an employee as defined by 42 U.S.C. §12111(4).

6. Schuler is a 'qualified individual with a disability" ("QUID"), Defendant regarded Schuler as being a QUID, and/or Schuler had a record of being a QUID within the meaning of the ADA, 42 U.S.C. §§12102(2)(A), (B), and/or (C) and 12111(8).

7. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

8. There is a common nucleus of operative fact surrounding each of the claims brought by Plaintiff. As such, this Court has jurisdiction over Schuler's state law claims.

9. Diversity jurisdiction exists as Schuler is now the citizen of Alabama, and the amount in controversy is believed to be in excess of $75,000.

10. Schuler exhausted his administrative remedies by timely filing a charge of discrimination alleging disability discrimination with the ICRC and receiving the appropriate notice of suit rights from the U.S. Equal Employment Opportunity Commission.

11. All of the events, transactions, and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV. Factual Allegations

12. Schuler previously worked with Defendant from 1991 through 2002. Schuler voluntarily resigned his employment.

13. Defendant rehired Schuler on September 26, 2006. During the last few years of his employment, Schuler was a driver.

14. At all times Schuler met or exceeded Defendant's legitimate expectations of performance.

15. On December 20, 2007, Schuler lacerated his finger while moving oil barrels in his truck. Schuler reported the accident and company president Mike Ackerman ("Ackerman"), advised him to seek medical attention.

16. On February 2, 2009, Schuler slipped at fell on the ice at a customer site. Schuler suffered a rotator cuff tear and a bicep tendon tear in his right shoulder. Shortly thereafter, Schuler was returned to work on light duty status. In mid-June 2009 he returned to work, briefly, with restrictions.

17. On September 14, 2009, Schuler twisted his ankle in the wash bay causing him to miss two (2) days of work.

18. On June 22, 2010, Ackerman terminated Schuler's employment. At the time Schuler was let go, Ackerman commented that it was due to 'insurance reasons."

19. After his termination, Schuler relocated to Alabama.

20. Schuler has applied for a variety of truck driving positions.

21. Defendant, by its agents, has advised prospective employers of Schuler that Schuler had a reportable accident. This information, provided as a reference by Defendant, has caused companies to reject Schuler as a candidate for a position despite Schuler otherwise being told they were going to offer him a job.

22. Schuler had no reportable accidents while employed by Defendant. Moreover,

Schuler has no points on his driving record.

23. As a result of injuring himself in the work place, Schuler exercised his rights under Indiana law and filed a workers' compensation claim.

24. Defendant fired Schuler for the stated reason that he could "no longer afford Schuler on insurance."

25. Schuler has been harmed by Defendant's unlawful conduct.

### V. Causes of Action

### Count I: Violations of the ADA

26. Schuler hereby incorporates paragraphs 1 - 25 of his Complaint.

27. Defendant terminated Schuler because he was disabled, because it regarded him as being disabled, and/or because Schuler had a record of being disabled.

28. To the extent Defendant contends Schuler was terminated for reasons related to the performance of his job, similarly-situated, non-disabled employees have engaged in the same or more egregious conduct than Schuler but have been not been discharged.

29. Defendant's conduct represents willful, intentional, or reckless violations of Schuler's ADA rights.

### Count II: Violation of Indiana Common Law - Frampton

30. Schuler hereby incorporates paragraphs 1-29 of his Complaint.

31. Schuler suffered work place injuries while employed by Defendant.

32. Schuler filed for workers' compensation as a result of suffering work place injuries.

33. Defendant terminated Schuler because he was filing for worker's compensation..

### Count III: Tortious Interference with Contract

34. Schuler hereby incorporates paragraphs 1 - 33 of his Complaint.

35. Subsequent to his termination from Defendant, Defendant has intentionally or recklessly provided false information to companies with whom Schuler sought employment.

36. As a result of providing this false information, Schuler was denied employment opportunities.

37. Schuler was harmed as a result.

### Count IV: Blacklisting

38. Schuler hereby incorporates paragraphs 1 - 37 of his Complaint.

39. Defendant provided information to prospective employers who had an interest in employing Schuler.

40. Defendant had no reasonable or good faith belief that the information reported was accurate.

41. As a result of Defendant's referral, Schuler was denied employment opportunities.

### VI.  Request for Relief

WHEREFORE, Plaintiff, Dean Schuler, by counsel, respectfully requests that this Court find for him and:

1. Order Defendant to reinstate Schuler or pay to Schuler front pay in lieu thereof;

2. Order Defendant to pay to Schuler all lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

3. Order Defendant to pay to Schuler punitive damages;

4. Order Defendant to pay to Schuler all attorneys' fees, litigation expenses, and

  costs incurred as a result of bringing this acion;

5. Order Defendant to pay to Schuler pre- and post-judgment interest on all sums recoverable; and

6. Order all other legal and/or equitable relief to which Schuler is entitled.

             Respectfully submitted,

              s/Christopher S. Wolcott
             Andrew Dutkanych III (Atty No. 23551-49)
             Christopher S. Wolcott (Atty No. 23259-32)
             BIESECKER DUTKANYCH & MACER LLP
             8888 Keystone Crossing, Suite 1300
             Indianapolis, Indiana 46240
             Tel (317) 575 - 4120
             Fax (812) 424 - 1005
             ad@bdlegal.com
             cwolcott@bdlegal.com

### **DEMAND FOR JURY TRIAL**

  Plaintiff, Dean Schuler, by counsel, respectfully requests a jury trial for all issues deemed so triable.

             Respectfully submitted,

              s/Christopher S. Wolcott
             Andrew Dutkanych III (Atty No. 23441-49)
             Christopher S. Wolcott (Atty No. 23259-32)
             BIESECKER DUTKANYCH & MACER LLP
             8888 Keystone Crossing, Suite 1300
             Indianapolis, Indiana 46240
             Tel (317) 575 - 4120
             Fax (812) 424 - 1005
             ad@bdlegal.com
             cwolcott@bdlegal.com